UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SRENG SOKNITA, * <br> * <br> Plaintiff, * <br> * <br> v. * <br> * <br> NATHAN SITTERLY, NATIONAL * <br> RETAIL SYSTEMS, INC., and TRISTAR * <br> RISK MANAGEMENT, * <br> * <br> Defendants. * | Civil Action No. 1:24-cv-10439-IT |

MEMORANDUM & ORDER

April 25, 2024

TALWANI, D.J.

Plaintiff Sreng Soknita brought this suit against Defendants Nathan Sitterly, National Retail Systems, Inc. ("NRS"), and Tristar Risk Management ("Tristar") in Lowell District Court. Defendant NRS, with the consent of the other Defendants, timely removed the case to this court claiming diversity jurisdiction under 28 U.S.C. 1332(a). Notice of Removal [Doc. No. 1]. Pending before the court is Plaintiff's Motion to Remand this Matter to Massachusetts State Court and Motion for Fees/Costs ("Pl.'s Mot. Remand") [Doc. No. 11].

In order to invoke diversity jurisdiction under § 1332, two requirements must be met: (1) the amount in controversy must exceed $75,000, exclusive of interests and costs, and (2) the parties must be citizens of different states. The parties here agree that there is complete diversity between Plaintiff and the Defendants but dispute whether the amount in controversy exceeds $75,000. The party seeking to invoke federal jurisdiction bears the burden of proving based on a "reasonable probability" that the amount in controversy satisfies the jurisdictional minimum. Reynolds v. World Courier Ground, Inc., 272 F.R.D. 284, 285-86 (D. Mass. 2011).

NRS notes that Plaintiff states in her Complaint "that she made a demand on Tristar for $50,000.00" and that she seeks treble damages under Mass. Gen. Laws Chs. 93A and 176D. Not. of Removal ¶ 17 [Doc. No. 1]. From this, Defendants argue that the total amount in controversy is $150,000. Opp. of Defs. To Pl.'s Mot. to Remand and for Fees and Costs 5-6 [Doc. No. 14]. But this argument is misleading: that Plaintiff reportedly sought a total of $50,000 in a demand letter does not mean that she has claimed $50,000 in damages to be trebled. And Plaintiff's total settlement demand of $50,000 does not exceed the $75,000 threshold for diversity jurisdiction. See 28 U.S.C. 1332(a)(1).

Plaintiff's Statement of Damages [Doc. No. 12-8] itemizes documented medical expenses of $9,536.92, and claims "total damages" of "$25,000 or less." Even if Plaintiff is found to be entitled to treble damages for her claim, the amount in controversy would at most be $75,000—which does not *exceed* $75,000 as required for diversity jurisdiction. See 28 U.S.C. 1332(a)(1). NRS thus has failed to show that there is a reasonable probability that the amount in controversy in this matter exceeds the jurisdictional minimum.

The court does not find, however, that NRS lacked any objectively reasonable basis for the notice of removal and therefore declines to award attorney's costs and fees.

Accordingly, Plaintiff's Motion [Doc. No. 11] is GRANTED as to remand and DENIED as to the request for fees.

IT IS SO ORDERED.

April 25, 2024                                   /s/Indira Talwani
                                                 United States District Judge